# DeHaven's Estate (No. 2).

*Will—Debt by legatee—Testator—Substituted legatee—Codicil.*

Where testator gives to a legatee a share of his estate but directs a deduction from such share of any debt owing to him by the legatee, and by a codicil directs that the share which by his will he had given to the legatee shall go to the legatee's son, the son takes the share subject to deduction of his father's debts to testator. In such a case there is no reason for making any distinction between specific devises or bequests to the original legatee and those payable out of the residuary estate.

*Will—Codicil—New publication—Revocation of intermediate will.*

A duly executed codicil operates as a republication of the original will, so as to make it speak as of the date of the codicil; and it not only operates as a new adoption of the prior will to which it refers, but also as a revocation of an intermediate will.

Argued June 1, 1903. Appeal, No. 5, May T., 1903, by H. E. Gilman, guardian of Frederick Albert De Haven, from decree of O. C. Dauphin Co., overruling exceptions to auditor's report in estate of Jehu DeHaven. Before MITCHELL, DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Exceptions to auditor's report.

The facts appear by the report of DeHaven's report (No. 1), ante, p. 147.

*Error assigned* was in overruling exceptions to auditor's report.

*C. H. Bergner*, for appellant.

*B. F. Etter* and *Robert Snodgrass*, for appellee.

OPINION BY MR. JUSTICE POTTER, October 12, 1903:

In the appeal of Jehu DeHaven taken from this decree, we have just filed an opinion in which we have expressed our view, that it was the intention of the testator, Jehu DeHaven, Sr., to substitute Frederick Albert DeHaven in all the provisions of the will that would have governed the legacy to Frederick H. DeHaven.

We see no reason for making any distinction between specific devises or bequests and those payable out of the residuary estate. The testator required that all moneys due and owing to him " by each of said devisees and legatees shall, in the distribution of my estate, be deducted from his or her share therein." The suggestion that the second codicil is, in effect, a new will is without merit. The effect of the codicil was only to substitute the grandson for the son, and to bestow upon him precisely the same estate which had been, by the terms of the will, devised and bequeathed to his father. The amount of the estate was not changed, nor was the mode of its ascertainment interfered with in any way by the codicil. The governing principle in such cases was well expressed by Justice STERRETT in Linnard's Appeal, 37 Legal Int. 165, when he said:

" A duly executed codicil operates as a republication of the original will, so as to make it speak as of the date of the codicil: Coale v. Smith, 4 Pa. 376; and it not only operates as a new adoption of the prior will to which it refers, but also as a revocation of an intermediate will: Neff's Appeal, 48 Pa. 501." In the case now before us, the testator expressly revoked an intermediate codicil.

The assignments of error are overruled, and this appeal is dismissed at the cost of the appellants.