## Tyson's Estate (No. 1).

*Will—Codicil—Ademption of legacy—Act of July 12, 1897, P. L. 256.*

1. A duly executed codicil operates as a republication of the original will so as to make it speak as of the date of the codicil.

2. The Act of July 12, 1897, P. L. 256, does not apply in case of a bequest to a class of legatees unless the deceased legatee was a member of the class at some time between the execution of the will and the death of the testator. Only the issue of one who was within the class when the will was executed, or after, and died before testator, takes by such substitution.

3. Where the testatrix by her will gives the sum of $1,000 to each of the children of her deceased brother, and subsequently one of the children dies, and thereafter she executed a codicil by which she bequeaths to each of the two daughters of the deceased child, $500, and by the codicil ratifies and confirms in other respects her will, the legacy to the deceased child is not saved from ademption by the Act of July 12, 1897, P. L. 256.

Argued Dec. 7, 1910. Appeal, No. 102, Oct. T., 1910, by Annie Wolf, from decree of O. C. Montgomery Co., Sept. T., 1908, No. 37, dismissing exceptions to adjudication in Estate of Sarah K. Tyson, deceased. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Exceptions to adjudication.
The opinion of the Superior Court states the case.

*Errors assigned* were in dismissing exceptions to adjudication.

*Wm. Stuckert,* with him *Wm. R. Stuckert* and *E. L. Hallman,* for appellants.—Where the language of a will is clear and unambiguous a doubt suggested by extrinsic evidence of the testator's circumstances at the time he wrote the will cannot be permitted to effect the construction of the will: Sponsler's App., 107 Pa. 95; Gilmor's Est.,

154 Pa. 523; Miller's Est., 26 Pa. Superior Ct. 453; Reichard's App., 116 Pa. 232; Rouser's Est., 8 Pa. Superior Ct. 188; Norris' Est., 217 Pa. 548.

And inspection of the will and codicil fails to show that the testatrix "changed her will:" Willard's Est., 68 Pa. 327; Kauffelt's App., 1 York Leg. Rec. 57; Porter's App., 94 Pa. 332; Mayer's Est., 11 Kulp, 53; Ammon's Est., 51 Pitts. Leg. Jr. 364.

*Montgomery Evans*, with him *John M. Dettra*, for appellee.—The persons named or the persons described must be those that the will declares at the time it is completed by the testator. If at that time a person named or described be not within the purview of the act it has no application. And unless the death of such person occurs subsequently, his issue cannot invoke the statute: Harrison's Est., 18 Pa. Superior Ct. 588; Todd's Est., 33.Pa. Superior Ct. 117; Massey's Est., 19 Lanc. Law Rev. 342; Harley's Est., 21 Montg. County Rep. 97; Harrison's Est., 202 Pa. 331, affirming 18 Pa. Superior Ct. 588; Fosbenner's Est., 26 Pa. C. C. Rep. 56.

That the date of the codicil is to be considered as the date of the final will is established beyond question: Neff's App., 48 Pa. 501; Coale v. Smith, 4 Pa. 376; DeHaven's Est., 207 Pa. 152.

OPINION BY HENDERSON, J., July 13, 1911:

The will of Sarah M. Tyson, executed September 17, 1903, contained the following bequest: "Third; I give, devise and bequeath unto each of the children of my deceased brother Abel Kimbel the sum of $1,000, excepting Evan T. Kimbel, to whom I have already given a farm in Abington Township. . . ."

At the date of the will the persons entitled to take under the paragraph quoted were five in number, one of whom was Amanda Heckler. Mrs. Heckler died January 8, 1904, leaving to survive her a husband and two children. The testator executed a codicil to her will,

which is dated March 18, 1904. In this codicil she bequeathed to each of the two daughters of Amanda Heckler $500, and a like amount to their father. The codicil makes other changes in the will and contains the following clause: "Subject to the changes above I ratify and confirm in every respect my said will dated September 17, 1903."

The appellant claims that in addition to the $500 bequeathed in the codicil she is entitled to one-half of the $1,000 bequeathed to her mother in the third paragraph of the will, under the provisions of the Act of July 12, 1897, P. L. 256, which provides among other things that no legacy in favor of the children of a brother or sister of any testator whether such children of the brothers or sisters be designated by name or as a class, shall be deemed to lapse or become void by reason of the decease of such legatee in the lifetime of the testator.

The question presented is, what effect did the execution of the codicil have on the bequest of $1,000 to Amanda Heckler as one of the children of Abel Kimbel? The bequest, it will be observed, is to a class of legatees. The children of the testator's brother Abel are not named, and they take therefore by reason of their relationship to him. In the absence of the codicil it is clear that the appellant and her sister would take the legacy which their mother would have received if she had survived the testator. The statute expressly so provides. It was intended to carry out the intention of the testator as nearly as could be done, although the legatee had died before the will became operative. By substitution those who were nearest in blood to the legatee became entitled to the bequest. The codicil was executed after the death of Amanda Heckler, and we must determine what bearing this change in the will had on the legacy which would have gone to the mother of the appellant if she had survived. If the effect of the codicil was to bring the will down to the date of the codicil and republish it there was no bequest to Amanda Heckler for she was then dead,

and the third clause of the will would only include the children of Abel Kimbel then living. The act of 1897 does not apply in case of a bequest to a class of legatees unless the deceased legatee was a member of the class at some time between the execution of the will and the death of the testator. Only the issue of one who was within the class when the will was executed or after and died before the testator takes by such substitution: Todd's Estate, 33 Pa. Superior Ct. 117.

This subject was considered in Good title v. Meredith, 2 M. & S. 5, in which case Lord ELLENBOROUGH, C. J., reviewed the English cases and said: "The effect of all these decisions is to give an effect to the codicil per se and independent of any intention so as to bring down the will to the date of the codicil, making the will speak as of that date; unless indeed a contrary intention be shown. . . . The codicil draws the will down to its own date in the very terms of the will and makes it operate as if it had been executed in those terms."

In Doe ex dem. York v. Walker, 12 M. & W. 591, Lord ABINGER said: "The will must be construed as if the testator had inserted in the codicil all the words of the will."

The rule is stated in 1 Powell on Devises, 616, to be that the legal operation of a codicil is to republish the whole will just as if it had been then for the first time published, and it can only be negatived by the contents of the codicil itself showing by internal evidence not that such an intention had no existence but that a contrary intent was entertained. It follows that the terms and words of the will should be construed to speak with regard to the property of the testator and the persons named therein at the date of republication. The same rule is recognized in 1 Jarman on Wills, 723. See also 6 Am. & Eng. Ency. of Law (2d ed.), 198.

The cases in this state follow these authorities: Coale v. Smith, 4 Pa. 376; Neff's Appeal, 48 Pa. 501; DeHaven's Estate, 207 Pa. 152; Linnard's Appeal, 37 Legal Int. 165.

In the latter case Justice STERRETT said: "A duly executed codicil operates as a republication of the original will so as to make it speak as of the date of the codicil."

In Neff's Appeal Justice STRONG said: "That the effect of a codicil duly executed is to republish the will to which it refers whether the codicil be annexed to the will or not is the doctrine of all the authorities." And in the same case, "It is still the law then, as it always was, that a codicil to a will is a republication of it unless the contrary intent be avowed by the testator, and that it makes the will republished to speak from the date of the codicil."

The application of these principles to the present case has this effect; by the execution of the codicil the testator's will was republished and is made to speak as of the time when the codicil was signed; the bequest to the children of the testator's brother Abel Kimbel included the persons who were in that class at the date of the codicil, and as the mother of the appellant was dead when the codicil was made, she was not one of the persons to whom the third paragraph of the will applied. There was therefore no bequest to Amanda Heckler. It will be observed, moreover, that in addition to the presumption of republication there was an express ratification and confirmation of the will by the terms of the codicil. The testator therefore readopted the will as of the date of the codicil subject to the amendments created by the codicil. Whether it was so intended or not by the testator, the legal effect of the codicil was to restrict the list of legatees under the third paragraph of the will to the children of Abel Kimbel who were living at the time the codicil was executed. But in view of the legacies in the latter instrument to the appellant and her sister we think that these were intended to be a substitute for what they would have received if there had been no codicil. The like provision for the children of Sarah J. Knight, a deceased daughter of Abel Kimbel, gives countenance at least to this inference. As the testator knew at the time the codicil was added to the will that Amanda Heckler

was dead, it is reasonable to assume that the provision for her children was made in the light of that fact, as they were placed by the codicil in the same position with reference to pecuniary benefit which they would have occupied if there had been no codicil; but whether this be so or not we are satisfied that the decree of the orphans' court correctly disposed of the fund and that this appeal cannot be sustained.

The decree is affirmed at the cost of the appellant.

Rice P. J. and Head J., dissent.