# Wilhelm's Estate.

*Decedents' estates—Debt—Orphans' court—Findings of fact—Review.*

1. A finding of fact by the orphans' court that a debt acknowledged by a testator in his will has not been paid, has the same weight as the verdict of a jury and will not be set aside by the appellate court except for clear error.

*Wills—Acknowledgment of debt—Codicil.*

2. Where a testator in his will acknowledges an indebtedness, and subsequently executes a codicil in which there is no reference to the indebtedness stated in the will, the effect of the codicil is to make the will speak as of the date of the codicil, and in the absence of any proof that the debt acknowledged by the will had been paid, the republication of the will by the codicil is a restatement of the existence of the debt.

Argued Nov. 14, 1911.   Appeal, No. 45, Oct. T., 1911, by Ezra J. Williams et al., from decree of O. C. Berks Co., Sept. T., 1910, No. 55, dismissing exceptions to adjudication in Estate of John Wilhelm.   Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ.   Affirmed.

Exceptions to adjudication.

The opinion of the Superior Court sufficiently states the case.

*Errors assigned* were in dismissing exceptions to adjudication.

*Jefferson Snyder*, of *Snyder & Zieber*, for appellants.

*Isaac Hiester*, with him *H. Robert Mays*, for appellee.

OPINION BY HENDERSON, J., March 1, 1912:

The claim of the appellee was acknowledged by John Wilhelm in his will and is prima facie a subsisting indebtedness against the estate.   The appellants undertook to show that the consideration for the land conveyed to

Mrs. Wilhelm, on September 28, 1907, was in part the indebtedness referred to in the will. The evidence in support of this defense is meager and obscure and a court would hesitate to hold on it that the affirmative evidence of the indebtedness had been overcome, but such evidence as was introduced was met by that of the creditor, herself, who testified that the actual indebtedness of the decedent to her was much more than the $850 stated in the will. She also contradicted the testimony offered in opposition to her demand in its material parts so far as her interest was affected. The testimony did not satisfy the learned judge of the orphans' court that the indebtedness was paid and he accordingly found in favor of the claimant. This finding is entitled to the same weight as the verdict of a jury and will not be set aside except for clear error. The appellants have not satisfied us that there was any error in the finding. It is argued that the claimant was not a competent witness as to the matters occurring in the lifetime of John Wilhelm and that her testimony was objected to, but we do not find in the record the objection and exception which would exclude it. Her evidence was given without apparent objection not only as to the transactions in the presence of Swope and Klinger but also as to the amount of the indebtedness of the testator to her. Moreover, several weeks after the conveyance of the land the testator executed a codicil to his will in which there was no reference to the indebtedness stated in the will. The effect of this codicil was to make the will speak as of the date of the codicil. It operated as a readoption of the will to which it was annexed: Neff's Appeal, 48 Pa. 501; De-Haven's Estate, 207 Pa. 152. In the absence of anything satisfactorily overcoming the presumption this republication of the will was a restatement of the existence of the indebtedness to the appellee. The court below did not find, nor do we, that the prima facie evidence presented by the claimant was met and overcome.

The decree is therefore affirmed at the cost of the appellants.