# Kelly's Estate.

*Wills—Charitable bequests—Attesting witness—Interested witness—Act of April 26, 1855, P. L. 328.*

Inasmuch as a will and codicil are in contemplation of law one testamentary act, where a will is itself without subscribing witnesses but a codicil thereto is attested the attestation of the latter is the attestation of the former, and saves charitable bequests in the former from the operation of the Act of April 26, 1855, P. L. 328, which otherwise would defeat it, providing the attesting witnesses to the codicil are without interest in the will.

A charitable bequest in a will made prior to the passage of the Act of June 7, 1911, P. L. 702, is defeated by the mere fact that one of the attesting witnesses is a legatee under the will; and it is immaterial that the legatee was required to pay to a third person a designated sum as a condition of taking the property bequeathed to him, even though the designated sum may have been more than the value of the property.

Argued March 18, 1912. Appeal, No. 347, Jan. T., 1911, by The Philadelphia Theological Seminary of St. Charles Borromeo, from decree of O. C. Phila. Co., Jan. T., 1909, No. 573, dismissing exceptions to adjudication in Estate of Patrick M. Kelly, deceased. Before FELL, C. J., BROWN, POTTER, ELKIN and STEWART, JJ. Affirmed.

Exceptions to adjudication.

The facts are stated in the opinion of the Supreme Court.

*Error assigned* was decree dismissing exceptions to adjudication.

*John G. Johnson,* with him *Anthony A. Hirst,* for appellant.—The interest of Hahn was not such as disqualified him: Kessler's Est., 221 Pa. 314; Jeanes's Est., 228 Pa. 537; Historical Society v. Kelker, 226 Pa. 16.

*T. M. Daly,* for appellees.—The will having no attesting witnesses, the gift to charities therein was void: Paxson's Est., 221 Pa. 98; Walton's Est., 194 Pa. 528.

The codicil in this case did not expressly republish the will, and besides had for one of its witnesses a legatee named in the will, who received property worth $2,541.79 as such legatee, and who, therefore, was not a disinterested witness within the meaning of the statute: Kessler's Est., 221 Pa. 314; Fetterhoff's Est., 228 Pa. 535; Stinson's Est., 232 Pa. 218.

A legatee in a will becomes disqualified to either prove the will or any codicil thereto as affecting charities because of his interest as such legatee: Historical Society v. Kelker, 226 Pa. 16.

OPINION BY MR. JUSTICE STEWART, April 8, 1912:

The only attestation to the execution of this will is in connection with the codicil thereto. The will proper is signed by the testator, but there are no subscribing witnesses to the signing. To the execution of the codicil, made a year or more subsequent, there are two attesting witnesses. It follows that without the codicil the will would be invalid as to the several charitable bequests therein contained. The will and codicil being in contemplation of law one testamentary act, the attestation of the latter is the attestation of the former, and saves the former from the operation of the statute which otherwise would defeat it, providing the attesting witnesses to the codicil are without interest in the will. And this is the only question here. One of the attesting witnesses is John D. Hahn. The will contains the following provision with respect to him: "I leave my drug business and house furniture to my clerk John H. Hahn on condition that he pays one thousand dollars to Miss Ella Cowan, my housekeeper." It is argued that inasmuch as it has not been shown that at the time of the execution of the will the drug business and furniture exceeded in value the amount the legatee was to pay to

Ella Cowan, it cannot be said that Hahn has a pecuniary interest in the will. A clear presumption arises from the gift itself that benefit and advantage to Hahn was intended. The subsequent appraised value shows that there was no disappointment or failure in this regard. But aside from this, Hahn is a legatee under the will, and this circumstance alone disqualified him as a witness under the distinct ruling in Kessler's Estate, 221 Pa. 314. The law will not attempt to weigh and measure the advantage resulting to the legatee in order to determine the question of his competency as an attesting witness to a will of this character. It will assume his interest from the single fact that he is a legatee named in the will.

The assignments of error are dismissed and the decree is affirmed.