# Kerr's Estate.

*Wills—Fraud—Undue influence—Republication—Issue devisavit vel non—Refusal.*

An issue devisavit vel non prayed for on the ground of alleged lack of testamentary capacity in testatrix and the exercise of fraud and undue influence by the person named as executor in the will was properly refused, where there was no evidence of any undue influence exercised by the person named as executor or by anyone else; and it appeared that such person subsequently died and testatrix added a codicil to her will, whereby she republished the entire will, and that although testatrix had bodily infirmities and used morphia, she had full intelligence and exact knowledge of her property and her affairs and the objects of her bounty.

Argued Oct. 10, 1916.  Appeal, No. 51, Oct. T., 1916, by Clifford S. Marshall, Abbie Cole Logan Dippold,

Margaret Kerr Cochran, Archibald H. Kerr, H. O. Shanks, John I. Shanks, Elizabeth K. McCombs, Wm. C. Shanks, H. H. Shanks, Edna S. Haddock, Chester O. Marshall, Sarah C. Wilson, F. D. Cumming, Mary Marshall, Harry Shroder, Ida Hesseltine, Sarah L. Rawhouse, Sarah B. Behem, Emma S. Bennett, and Cynthia J. Harrison, from decree of O. C. Allegheny Co., March T., 1915, No. 262, refusing an issue devisavit vel non, in Estate of Barbara Kerr, deceased. Before BROWN, C. J., MESTREZAT, POTTER, STEWART and FRAZER, JJ. Affirmed.

Petition for issue devisavit vel non. Before MILLER, J.

The opinion of the Supreme Court states the facts.

The court refused the petition. Clifford S. Marshall, et al., appealed.

*Errors assigned* were rulings on evidence and in dismissing the petition.

*William T. Tredway,* with him *Rody P. Marshall* and *Samuel L. Dille,* for appellants.

*George E. Alter,* of *McKec, Mitchell & Alter,* with him *Patterson, Crawford, Miller & Arensberg* and *William A. Wilson,* for appellees.

PER CURIAM, January 8, 1917:

An issue devisavit vel non was asked for by the appellants on two grounds: (1) Lack of testamentary capacity by the testatrix at the time the will was executed; (2) the procurement of the execution of it by fraud and undue influence on the part of George A. Lashell, while acting as confidential agent of the testatrix. The will was executed April 11, 1901, and Lashell was named as her executor. Its execution was witnessed by two members of the Allegheny County bar. Lashell died September 5, 1907. On November 9, 1910, more than three years

thereafter, the testatrix added, in her own handwriting, the following codicil to her will: "As George A. Lashell has died, I hereby appoint Horace J. Thomas to be the executor of this will, November 9, 1910." This act of the testatrix is in itself a forceful answer to the allegation of fraud and undue influence on the part of Lashell, and was a republication of the will: Neff's App., 48 Pa. 501; De-Haven's Est., 207 Pa. 152.

Errors are alleged in the rulings on offers of evidence by the learned judge before whom the testimony in the case was taken, but we have not been convinced that any of the assignments relating to them call for a rehearing. The appeal is dismissed, at appellants' costs, on the following from the opinion of the court in banc dismissing the exceptions filed to the rulings on offers of evidence by the judge who heard the case, and to his findings of fact and conclusions of law. "A careful and exhaustive examination of the entire record in this case abundantly shows that the conclusions of the trial judge, based upon the weight of credible testimony, established clearly the proposition that there was no evidence of undue influence by Lashell, or any one else, over the mind of the testatrix in the making of the original will; that his possible interest in commissions in the estate did not constitute him such a party as to throw upon the proponents the burden of proving want of undue influence; that his death and the subsequent making of the codicil, and republishing of the entire will, demonstrate the want of undue influence by Lashell, and that the testatrix, notwithstanding her infirmities, her use of morphia and her family history, had full, intelligent and exact knowledge of her property, of all her affairs, and of the objects of her bounty; that she possessed testamentary capacity, and that the will and codicil as executed, were her deliberate and intelligent acts, she possessing a capable and disposing mind in connection therewith."