## Schlotzhauer's Estate.

John E. Malone, for petition and accountant.

Charles G. Baker, Harris C. Arnold and John A. Coyle, contra.

APPEL, P. J., March 28, 1929.—The record in this case discloses a peculiar situation: Harry Schlotzhauer, the decedent, made a will disposing of his estate Feb. 11, 1908. A child, Robert Henry Schlotzhauer (hereinafter called the minor), was born to him Nov. 4, 1912. In May, 1913, he made a codicil to his will as hereinafter appears. Testator died Nov. 30, 1925, leaving per-

sonal and real estate. He is survived by his widow and three children, including the minor above referred to. The will and codicil were duly probated and letters testamentary were granted to the executrix named in the will. The widow elected to take under the will. The Farmers Trust Company of Lancaster was appointed guardian of said minor on the theory that he had an interest in the estate of his father by reason of his birth after the date of the will. On Jan. 14, 1926, the guardian presented a petition to the Orphans' Court asking for an allowance of $100 per month for maintenance and support out of the income of the minor's share, this share being estimated at approximately $30,000. This allowance was granted as prayed for. Jan. 6, 1927, the guardian by petition asked the court to revoke this order for maintenance and support, alleging the order was asked for under a misapprehension of the law, and admitting that, inasmuch as testator made a codicil to his will after the birth of the minor, he had no interest in the estate. This petition was signed by the guardian, by the minor himself, being then over fourteen years of age, and by his mother as next friend. The same day the order of Jan. 14, 1926, was revoked as prayed for.

Oct. 6, 1928, the executrix filed a first and partial account. Nov. 27, 1928, exceptions to the account were filed by counsel for the guardian.

These exceptions indicate that the guardian has reverted to its first legal position as to the minor's interest in the estate and now asserts a vested interest therein for its ward which justifies a legal right to file exceptions to the account.

Jan. 31, 1929, on petition of the executrix, the widow, and one of testator's sons, a rule to show cause why the exceptions to the account filed by the guardian should not be dismissed was granted. To this an answer was filed on Feb. 27, 1929, by the guardian, in which it is averred "that by reason of the birth of the said Robert Henry Schlotzhauer on Nov. 4, 1912, after the execution of the will of Harry Schlotzhauer dated Feb. 11, 1928, the said Robert Henry Schlotzhauer has a vested interest in the said estate under the intestate laws of Pennsylvania." It is further averred that the interest of the minor in his father's estate was unaffected by the codicil of May, 1913, made after the birth of said minor.

Counsel for petitioners contend, on the other hand, that the decree of the court on Jan. 6, 1927, in which the order for maintenance and support made Jan. 14, 1926, was revoked, is conclusive as determining the rights of the minor in the estate, that the question of the interest of the minor in the estate of his father is now res adjudicata and the guardian has no legal status to file exceptions to the account. In answer to this contention, it may be said that nothing was involved or passed upon by the court in its decree of revocation except the question of the allowance, that being the subject-matter of the original order of Jan. 14, 1926. However contradictory and irreconcilable the present contention of the guardian may be, due to a reconsideration of the law, we think the guardian and its ward are entitled to a decision on the merits of the legal question involved. This we now proceed to discuss.

When testator made his will Robert Henry Schlotzhauer, his youngest child, was unborn and was unprovided for in the disposition of the estate. His birth after the making of the will, by operation of law, placed him within the provisions of section 21 of the Wills Act of June 7, 1917, P. L. 403, as amended by the Act of May 20, 1921, P. L. 937, and as to him the will had no effect, and testator is construed to have died intestate. The act is as follows:

"Section 21. When any person, male or female, shall make a last will and testament, and afterward shall marry, or shall have a child or children, either

by birth or by adoption, not provided for in such will, and shall die leaving a surviving spouse and such child or children, or either a surviving spouse or such child or children, although such child or children be born after the death of their father, every such person, so far as shall regard the surviving spouse or child or children born or adopted after the making of the will, shall be deemed and construed to die intestate; and such surviving spouse, child, or children shall be entitled to such purparts, shares, and dividends of the estate, real and personal, of the deceased, as if such person had actually died without any will."

As was said by Mr. Chief Justice Brown in Baum's Estate, 269 Pa. 63, 66: "The moment the son was born to the testator the law added a codicil to his will." This gave him a share in his father's estate as if he had made no will and died intestate. This was the legal status and his inheritance was secure and could not be challenged until May, 1913, when testator made a codicil to his will as follows:

"I, Harry Schlotzhauer, the testator above mentioned, do make and publish this codicil to my last will and testament in the following manner, to wit:

"All of the interest I may have at the time of my decease in the business of C. G. Vollmer & Co., Limited I give and bequeath unto my dear wife Katharine absolutely.

"In witness whereof I have hereunto set my hand and seal this —— day of May, A. D. 1913.

"HARRY SCHLOTZHAUER [Seal]."

This codicil is not witnessed, but the signature of the testator was proven by competent witnesses and it was admitted to probate by the register of wills along with the will. Subscribing witnesses were not necessary. See section 2 of the Wills Act of June 7, 1917, P. L. 403.

The legal question to be determined is:

Is the codicil of May, 1913, such a republication of the original will of Feb. 11, 1908, as will defeat the inheritance of the minor given him by section 21 of the Wills Act of 1917?

Counsel for the guardian and its ward contend that this question must be answered in the negative for the following reasons, namely: That the codicil nowhere mentions the after-born son; that it does not contemplate a new disposition of the estate as a whole; that it does not indicate in any way that testator contemplated or had in mind his son; further, that testator's only idea in making the codicil was to make an absolute gift to his wife of certain possible assets; that testator did not make any provision for his son and has not made it clear that the will or codicil should apply to him; that the codicil does not expressly confirm the will and does not show an intention to re-enact the will; that no revival of the will as of the date of the codicil can be presumed in the absence of a testamentary intent; and, finally, that the codicil does not in law amount to a republication of the will.

While these and many similar expressions may be found in opinions in the appellate courts in adjudicated cases and may seem to sustain the contention here made, we believe in the instant case the question propounded must be answered in the affirmative. The consensus of opinion, as indicated by the decisions in Pennsylvania and other jurisdictions, has settled the law that if a codicil is properly executed, and if it contains a sufficient reference to a prior will, it republishes such will as of the date of the codicil: Page on Wills (2nd ed.), § 509; Buchanan v. National Savings and Trust Co., 23 Fed. Repr. (2nd) 994, 996; Gilmor's Estate, 154 Pa. 523; Kelly's Estate, 236 Pa. 54. In

the latter case, Mr. Justice Stewart said: "The will and codicil being in contemplation of law one testamentary act, the attestation of the latter is the attestation of the former, and saves the former from the operation of the statute which otherwise would defeat it, providing the attesting witnesses to the codicil are without interest in the will." This case related to a gift to a charity in a will without subscribing witnesses, but where the codicil thereto was properly attested. The principle, however, is the same as applied to the instant case. It was held originally that a will could not be republished by a subsequent codicil unless it was re-executed or unless a subsequent codicil contained an express provision for republication. This view was subsequently abandoned, and it was held that reference in a codicil to a will which recognized the will as in effect was a sufficient republication. Any reference in a codicil to a prior will as in effect republishes it. "A codicil which recites the making of a will as a fact, such as a codicil which provides for the appointment of an executor, or which provides only for the distribution of one of the gifts in the will in case the devisee dies before testator, is a sufficient republication." Page on Wills (2nd ed.), § 510; De Haven's Estate (No. 2), 207 Pa. 152. See, also, Kerr's Estate, 255 Pa. 399, in which the codicil contained nothing except the appointment of an executor of the will.

"Any reference to a prior will which identifies it with reasonable accuracy is sufficient. The codicil must either be attached to the will physically or it must 'furnish the means for identification, without resorting to any other testimony save to show that the document sought to be incorporated is identical with that referred to.' If the will or codicil is written on the same piece of paper as the instrument which it seeks to incorporate, and if it refers to it as the 'above' instrument, the 'foregoing' instrument and the like, such reference is sufficient. If an instrument is headed 'Codicil' and is written on the same piece of paper as the will, such reference to the will is sufficient to incorporate it. . . . The identification is still clearer if the codicil is written on the same sheet of paper as the will and it purports to be 'a codicil to the foregoing will,' or if it recites that it is 'hereunto annexed' to a will and written on the same sheet of paper:" Page on Wills (2nd ed.), § 511.

In the present case the codicil is written on the same piece of paper as the will, and its first sentence is: "I, Harry Schlotzhauer, the testator above named, do make and publish this codicil to my last will and testament." The effect of this codicil is to bring down the will to the date of the codicil, thereby republishing the will as of that date. The will, therefore, speaks as of the date of the codicil. In the absence of any express intent to the contrary contained in the codicil, it re-enacts the will: Neff's Appeal, 48 Pa. 501; Tyson's Estate (No. 1), 47 Pa. Superior Ct. 108, 111, 112; Wilhelm's Estate, 49 Pa. Superior Ct. 213, 214.

Since, then, the codicil republishes the will and the will speaks as of May, 1913, the contentions of the guardian must fall. It logically follows from the foregoing that Robert Henry Schlotzhauer, the aforesaid minor, has no interest in his father's estate. His guardian, therefore, has no standing to file exceptions to the account of the executrix. That this conclusion of law is a hardship on the minor may be admitted. It may even be conceded that the father did not realize he was disinheriting his youngest child. The answer is that it was the father's act, and if a father chooses to disinherit a child, who shall say he has not the right so to do? And it is the law of Pennsylvania that a father may do this inferentially and need not do it by words of disinheritance.

The rule is made absolute and the exceptions to the account are dismissed. Costs to be paid by the estate.

From George Ross Eshleman, Lancaster, Pa.