# Zimmerman *v.* Lebo, Appellant.

[Marked to be reported.]

*Election to take under will—Dower—Estoppel.*

Where a person claiming to be the owner of property makes a gift, whether by deed or will, to one, and by the same instrument gives to another, property belonging to the first, the owner of the property so disposed of by his donor must elect whether he will hold under the donative instrument or adversely to it; he cannot do both.

An administrator bought at his own sale the farm of his intestate who was his son-in-law. Subsequently the administrator died, having devised intestate's farm to one of his daughters, and another farm to plaintiff, widow of intestate, who went into possession of the same. Subsequently the widow brought an action of dower against her sister who was in possession of the farm formerly belonging to intestate. On the trial plaintiff's counsel declined to state whether she elected to take under the will. *Held,* that the widow was bound to elect not to take under the will before she could sustain such an action.

*Evidence of election—Question of fact.*

Whether the widow's possession ought not to be regarded as evidence of an election to hold under the will, is a question of fact; unless indeed her refusal to elect should render the submission of that question unnecessary: Per WILLIAMS, J.

Argued May 30, 1892. Appeal, No. 12, May. T., 1892, by defendants, Joseph Lebo and Sarah Lebo, his wife, in right of said wife, from judgment of C. P. Dauphin Co., March T., 1891, No. 356, on verdict for plaintiff, Susanna Zimmerman.

Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, McCOL-
LUM, MITCHELL and HEYDRICK, JJ.

Dower to recover widow's interest in land.

The facts as they appeared at the trial before SIMONTON, P.
J., are stated in the opinion of the Supreme Court. The court
left to the jury the bona fides of the administrator's sale.

Verdict and judgment for plaintiff. Defendants appealed.

*Errors assigned* were, inter alia, (3) the portion of the
charge quoted in the opinion of the Supreme Court; (4) in
not submitting the question of fact whether plaintiff had
elected to take the devise given to her by the will or not.

*Levi B. Alricks, J. C. Nissley* with him, for appellants.—
The evidence shows that plaintiff had accepted the devise
given to her by the will of her father. She therefore cannot
claim dower out of the land devised by the same will to her
sister. In Hamilton v. Buckwater, 2 Yeates, 389, a widow
who had accepted a devise under her husband's will was barred
of her dower.

When a person, having a claim on a man's estate independ-
ently of him, and also a claim on his estate under his will,
which claims are repugnant to each other, pursues the former,
the latter is thereby waived or abandoned: Cauffman v. Cauff-
man, 17 S. & R. 24; Noyes v. Mordaunt, 2 Vern. 581; Streat-
field v. Streatfield, Talbot, 176; Stump v. Findlay, 2 Rawle,
173; Preston v. Jones, 9 Pa. 459; Whisler v. Webster, 2 Ves.
367; Allen v. Getz, 2 P. & W. 322.

The doctrine of election is founded upon the principle that
he who accepts a benefit under an instrument must adopt the
whole of it, conforming with all its provisions and renouncing
every right inconsistent with them: 1 White & Tudor, L. C. Eq.
510; Walpole v. Conway, Barnard Ch. 159; Kirham v. Smith,
1 Ves. 258; Macnamara v. Jones, 1 Bro. C. C. 411; Frank v.
Standish, 1 Bro. C. C. 588, n.; Blake v. Bunbury, 4 Bro. C.
C. 21; Swan v. Holmes, 19 Beav. 471; Wintour v. Clifton,
21 Beav. 447; 8 De G. MacN. & G. 641; Cosby v. Lord
Ashtow, 10 Ir. Ch. 219; Heazle v. Fitzmaurice, 13 Ir. Ch. 481;
Dillon v. Parker, 1 Swanst. 359; Gretton v. Haward, 1
Swanst. 409.

The intention to devise the land in which dower is claimed,

is clear and unequivocal. The plaintiff made no tender of conveyance of the land devised to her nor of compensation, but holds the land devised to her by the will of her father while she attempts to take from her sister all her patrimony ; this she cannot do : Heron v. Hoffner, 3 Rawle, 396 ; Creacraft v. Dille, 3 Yeates, 79 ; Webb v. Evans, 1 Binney, 565 ; Phila. v. Davis, 1 Wh. 502 ; Lewis v. Lewis, 33 Pa. 66 ; Tiernan v. Rowland, 15 Pa. 451 ; Cox v. Rogers, 77 Pa. 160 ; Bradfords v. Kents, 43 Pa. 474 ; Lewis v. Lewis, 13 Pa. 82.

*D. Mumma* of *Mumma & Shopp*, for appellee.—Where the widow, on being cited to make her election, declines to take under the will, and claims her dower and share of the personal estate, a party asserting a previous election to take under the will, must prove it by clear and positive testimony, and show that such election was made with a full knowledge of her rights : Anderson's Ap., 36 Pa. 476. An election in pais to take under a will, should be clear and positive, to estop a party from making it in a regular and proper form at law : Dickinson v. Dickinson, 61 Pa. 401 ; Kreiser's Ap., 69 Pa. 194 ; Cox v. Rogers, 77 Pa. 160. There was no evidence that plaintiff had any knowledge of the value or condition of the estate devised to her.

Heirs were permitted to recover in an analogous case : Chronister v. Bushey, 7 W. & S. 152.

OPINION BY MR. JUSTICE WILLIAMS, October 3, 1892.

The plaintiff seeks to recover dower in one hundred and eighty-five acres of land having farm buildings and a gristmill thereon. The title was in her husband Nathaniel Zimmerman, at the time of his death in February, 1888. Her father, John Hoffman, administered upon her husband's estate, and sold the farm, of which he died seized, for the payment of his debts.

The sale was made under the authority of an order of the orphans' court for seven thousand three hundred dollars, subject to a mortgage upon which one thousand dollars and some accrued interest remained due at the death of Zimmerman. This sale was returned to the orphans' court, regularly confirmed, and the proceeds distributed by the court. The estate was insolvent, paying about forty cents on the dollar of the

ascertained indebtedness. The apparent purchaser of the real estate was Christian Hoffman, a brother of the administrator, who conveyed his title, about one year after it was acquired, to John Hoffman, the administrator, who placed the defendants in possession. He died in March, 1890, and by his will gave to Mrs. Lebo, who was one of his daughters, the farm on which she resided and which had once belonged to Zimmerman; subject to the payment of several hundred dollars in specific legacies charged upon it. By the same will he gave to Mrs. Zimmerman the farm on which she was at the time residing, for her life, with remainder to her children in fee. He valued the farm he gave Mrs. Lebo at nine thousand dollars and that which he gave to Mrs. Zimmerman at five thousand six hundred and thirty-two dollars. The plaintiff is still in possession of the farm devised to her. The theory on which she sought to recover dower was that the sale though nominally made to Christian Hoffman was really made to the administrator, and therefore void as against public policy. Upon this theory the title of Nathaniel Zimmerman had never been divested and she was entitled to dower in the same manner as if no sale for the payment of debts had taken place.

It was conceded that John Hoffman had paid, in the bid of his brother, and the mortgage, between eight and nine thousand dollars for the property which two years later he valued at nine thousand. It was conceded that the proceeds of the sale had been distributed pro rata among the creditors of Zimmerman and that they were still unpaid. It was conceded that Mrs. Zimmerman had not declined to take under her father's will, and her counsel declined on the trial to state whether she elected to do so. The learned judge asked them: " You don't dispute that (the fact of her acceptance of the devise to her), I suppose ? " The reply of the counsel was : " I don't know whether she accepts it or not."

The defendant's reply to this action was that Mrs. Zimmerman was estopped by her acceptance of the devise to her from attempting to defeat that to her sister made in the same will. When the will was made the testator held the title to the land in controversy. He prepared his will and made division of his estate upon the assumption that he had a good title and the defendant insisted that the plaintiff must elect on what ground

she would stand. If she was to claim under the will she was estopped from setting up title against it. If she was to rely on treating her father's title to the farm devised to Mrs. Lebo as worthless, she must make her election before she could be allowed to recover.

The attention of the learned judge was drawn to this question and he instructed the jury as follows: " We have been asked to say to you by the counsel for the defendants that the plaintiff is estopped from claiming dower here because John Hoffman devised another tract of land to her. We say to you as matter of law that that does not estop her. The question whether a person is estopped or not is a question of law, the facts being found. We say to you there are no facts in this case with respect to the devise of another tract to her that would estop her from claiming in this case."

The primary question of fact to be determined by the jury was whether the plaintiff had made an election to accept the devise or not. If the jury had found, what her counsel refused to say on the trial, that she had not accepted under the will, then there was no question of estoppel to be considered, and the plaintiff's right to recover would depend on other considerations. If, however, the jury had found that she had elected to hold the farm devised to her, the legal question which the defendants sought to raise would have been fairly presented, viz., would not such election upon the facts of this case operate as an estoppel?

An election is a choice between two or more things or lines of action by one who is not entitled to all, and when made is as a general rule binding. Thus one may have a choice of remedies, a choice of the time or mode of performance of some obligation, a choice whether to affirm or disaffirm the unauthorized act of an agent, and when the choice is made the position of him who makes it is fixed. One is entitled to a full opportunity to know the situation, and his rights, before he can be compelled to elect; but he should endeavor to put himself in a position to make an election within a reasonable time, and when it is made it binds him and all claiming under him: 6 Am. & Eng. Encyclopedia of Law, 254.

Now it is a general rule of law that where one claiming to be the owner of property makes a gift, whether by deed or

will, to one, and by the same instrument gives to another, property belonging to the first, the owner of the property so disposed of by his donor must elect whether he will hold under the donative instrument or adversely to it.   He cannot do both.   The equity rule is : " If a party elects to take against an instrument of donation, a court of equity will compensate the one disappointed by such election from the benefits intended for the refractory donee, but any surplus after such compensation will be restored to the latter " : Pom. Eq. Jurisp., sec. 468.   The rule has been frequently applied in this state.

In Hamilton v. Buckwalter, 2 Yeates, 389, and in Cauffman v. Cauffman, 17 S. & R. 24, it was applied to a widow who had accepted bequests in the will of her husband evidently intended to be in lieu of dower.   In Preston v. Jones, 9 Pa. 456, it was applied to devisees of land.   In Tierman et al. v. Roland and Blackstone, 15 Pa. 429, it was applied to a legatee ; and a daughter who was covert, and had an interest in remainder in certain real estate which her father had devised to his sons, was held estopped from asserting her title because of her acceptance of a legacy under the same will.   Her disability did not save her from the operation of the rule but the court held that the doctrine of election was applicable to persons under disabilities and to interests immediate or remote and contingent, and whether of value or not of value.   In Cox et al. v. Rogers, 77 Pa. 160, the rule was stated broadly that " one accepting a benefit under a will is estopped from asserting a claim repugnant to its provisions."

In that case the testator disposed by will of his wife's farm. By the same will he gave his entire personal estate to his wife, and named her as his executrix.   She took the personal property.   After her death her heirs were held estopped from claiming the farm by the acts of their mother amounting to an election to hold under the will.

In this case Mrs. Zimmerman, so far as the record informs us, has not elected to forego the devise to her, but is in possession of the farm to which it refers, and declines through her counsel to make an election.   Whether her possession ought not to be regarded as evidence of an election to hold under the will is a question of fact, unless indeed her refusal to elect should render a submission of that question unnecessary.   She can-

not take the farm devised to her under the will, and recover in this action in disaffirmance of the will. She is in the position of one entitled to either of two things but not to both, and she must elect between them. The third and fourth assignments of error are sustained.

The judgment is reversed and a venire facias de novo awarded.