## Forsythe's Estate.   Johannsen's Appeal.

*Decedents' estates—Legacies—Charging legacies on real estate—
Act of June 7, 1917, P. L. 403—Wills Act.*

In proceedings under the provisions of section 17 of the Act of
June 7, 1917, P. L. 403, to charge pecuniary legacies on any real
estate of decedent's not specifically devised, the legatees cannot
contest the legality of the legacies when they have already par-
ticipated in the distribution of the personal estate.

It is the general rule that one who accepts a benefit under a will
cannot controvert its validity. He cannot affirm it so far as it is
beneficial to himself and deny its validity as to others who are
beneficiaries.

Where the identical question, to wit, the integrity of the bequests
to the legatees, was raised by necessary implication in the first dis-
tribution, the participants were concluded by the decree of the
court in which all the legatees named in the will took a pro rata
share.

Argued April 26, 1923.   Appeal, No. 119, April T.,
1923, by Odd K. Johannsen, Lottie E. Johannsen, Mar-
garet Stump, Mabel Farley and John C. McGovern, from
decree of O. C. Allegheny County, Oct. T., 1922, No. 211,
charging pecuniary legacies on real estate In re Estate
of Margaret Forsythe, deceased.   Before PORTER, HEN-
DERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ.
Affirmed.

Petition for the sale of real estate for the payment of
legacies as charges upon real estate.   Before MILLER,
P. J.

The facts are stated in the opinion of the Superior
Court.

The court entered the following decree:

And now, December 29, 1922, this matter came on be-
fore the court in banc upon petition and answer, and
after argument of counsel, it is ordered, adjudged and
decreed that the legacies set forth in the prayer of the

348       FORSYTHE'S ESTATE.

Statement of Facts—Opinion of the Court. [81 Pa. Superior Ct.

petitions are liens upon the lands left by the decedent, and it is further ordered, adjudged and decreed that the devisees, heirs, or owners of the real estate left by the decedent pay the amount due upon said legacies within two months from this date, and that in default of such payment further proceedings may be had directing the sale of the real estate for the payment of said legacies in accordance with the act of assembly in such cases made and provided.

Exceptants appealed.

*Error assigned* was the decree of the court.

*E. J. I. Gannon*, of *McVicar, Hazlett, Gardner & Gannon*, for appellants.

*Charles M. Donley*, for appellee.

OPINION BY HENDERSON, J., July 12, 1923:

The purpose of the 17th section of the Act of 1917, P. L. 403, appears with reasonable clearness from the language employed. It provides a method of charging pecuniary legacies on any real estate of the decedent not specifically devised where there is a deficiency of personal assets applicable to the payment of such bequests. Resort was had to the statute for the purpose of securing the balance due the petitioners on their respective legacies under the will of Margaret Forsythe. The executor filed an account in which the balance for distribution among legatees was exhibited. After this had been finally confirmed, an auditor was appointed to make distribution who in due time filed a report awarding the fund pro rata to the legatees named in the will. The appellants appeared at the audit and were represented by counsel. After the final confirmation of the report distribution was made pursuant thereto. In reply to the petition of the appellees that the unpaid part of the legacies be charged on the decedent's real estate not specifically devised, the appellees now seek to contest the integrity

of these legacies and to show that the will was altered as to them after it was executed by the testator. The learned judge of the court below was of the opinion that by participating in the distribution of the personal estate the petitioners were concluded by the decree in which all the legatees named in the will took a pro rata share, and we regard this as the correct conclusion. The probate of the will was an adjudication of its due execution and prima facie established the validity of all the legacies. In the distribution of the personal estate the will was before the court for construction and a guide in determining who were entitled to the fund. The question before the auditor and the court was who are the legatees who are entitled to the fund. That inquiry was answered in favor of the appellees and no appeal was taken from the decree of the court. It is the general rule that one who accepts a benefit under a will cannot controvert its validity. He cannot affirm it so far as it is beneficial to himself and deny its validity as to others who are beneficiaries: Cox et al. v. Rogers, 77 Pa. 160; Zimmerman v. Lebo, 151 Pa. 345; Miller's Est., 159 Pa. 562. It is said however that Grothe's Est., 237 Pa. 266, and Kellerman's Est., 242 Pa. 3, limit the application of this doctrine to the particular fund for distribution and that is correct where the first adjudication does not necessarily dispose of the whole question involved in the second distribution. But the identical question, to wit, the integrity of the bequests to the appellees was raised by necessary implication in the first distribution. The question did not arise incidentally, but involved the entire right of participation in the decedent's estate by Miss McNay and Miss Johnson. The appellants raised no objection to the adjudication in favor of these legatees and stood by while the claims of the latter were given equal standing with the other legacies. Under such circumstances we think they cannot now be heard to contest the validity of these bequests.

The assignments are overruled and the decree affirmed at the cost of the appellants.