## Laughlin Estate

*J. Henry O'Neill,* for accountant.

*Moorhead & Knox,* for claimant.

BOYLE, P. J., August 27, 1951.—The question presented is whether a widow is estopped, under the equitable doctrine of election, from acquiring title to real property as surviving tenant by the entireties when she elects, unwittingly, to take under the will of her husband, who devised the same property to her for life under the mistaken belief that he was the sole owner.

The undisputed facts are as follows: Sometime prior to 1928 George M. Laughlin, Jr., husband of Henrietta Z. S. Laughlin, had acquired title, in his name alone, to a parcel of real property, being a residence situate on Woodland Road in the fourteenth ward of the city of Pittsburgh, Allegheny County, Pa. The property was purchased with Mr. Laughlin's funds. On June 12, 1928, by conveyance to and reconveyance from a straw man, title to the aforesaid property was acquired by Mr. and Mrs. Laughlin as tenants by the entireties. The property was used and occupied by them as their residence until their deaths. Mr. Laughlin made his will on December 15, 1942, and died March 9, 1946. In paragraph "Third" of his will he devised the Woodland Road property to his wife for life with remainder to his trustees as part of his residuary estate. The scrivener who drafted the will of George M. Laughlin, Jr., was told by testator that the Woodland Road property was owned by him alone. The third paragraph of Mr. Laughlin's will was based upon this mistaken belief. The executors of the will of George M. Laughlin, Jr., did not report the Woodland Road property for Pennsylvania transfer inheritance tax purposes. The property was included in the Federal estate tax return

filed by the executors under the will of George M. Laughlin, Jr., in pursuance of Federal laws requiring such action in respect to property held by the entireties where no part of the cost thereof was contributed by the surviving spouse. The widow, Henrietta Z. S. Laughlin, did not within one year after her husband's death formally elect to take under or against his will. (Under section 23 (*b*) of the Wills Act of 1917 the failure of the widow to manifest her election to take against the will within one year after the issuance of letters is deemed an election by her to take under the will.) The widow did not know that taking under the will of her husband might in any way affect her full and absolute ownership of the Woodland Road property acquired as the surviving tenant by the entireties. After the death of George M. Laughlin, Jr., the widow regarded herself as the absolute owner of Woodland Road property and dealt with the same as such, and no question with respect to such ownership was raised until the title was examined in connection with the sale of the property in January 1950. The widow made her will on December 3, 1947, and died February 14, 1949. Distribution of the proceeds of the sale would be substantially the same under both wills except that three grandchildren would each receive a one twelfth thereof under Mr. Laughlin's will while under Mrs. Laughlin's will they would each receive a one sixteenth.

Believing that the widow had been the owner of the Woodland Road property as surviving tenant by the entireties, her executors sold the property on January 26, 1950, for the net price of $72,467.50. The examiner of title for the purchaser raised the question as to whether the widow, by accepting the provisions of her husband's will, was not estopped from acquiring title as surviving tenant by the entireties. To avoid any question of title, the deed of conveyance was executed by all parties interested under the wills of Mr. and

Mrs. Laughlin. By agreement the proceeds of the sale are included in the account of the executors of the estate of Henrietta Z. S. Laughlin, deceased, now on audit.

The trustees under the will of George M. Laughlin, Jr., deceased, claim the proceeds of the sale, asserting that the widow's election to take a life estate under her husband's will estops her personal representative from asserting her title as surviving tenant by the entireties.

The general rule of law applicable to the case at bar is stated in 57 Am. Jur. 1060, §1555, as follows:

"The broad principle that one who receives a benefit under a will by which the testator attempts to dispose of property which belongs to such beneficiary, or in which the latter has some right, claim, or interest, must, whether or not the testator was aware of his own lack of complete ownership, elect between his right to accept the provision in the will in his favor and his right to assert his independent paramount title, which is recognized in many decisions, has received actual application in a wide variety of factual situations."

See Tiernan et al. v. Roland and Blackstone, 15 Pa. 429, 451; Zimmerman v. Lebo, 151 Pa. 345, 349-50; Cooley v. Houston, 229 Pa. 495, 503; Hickman's Estate, 308 Pa. 230, 235; Forsythe's Estate, 81 Pa. Superior Ct. 347, 349; Moore's Estate, 117 Pa. Superior Ct. 82, 84; Dresbach's Estate, 74 Pitts. L. J. 153.

In the case at bar there exists no actual intention of George M. Laughlin, Jr., that his wife take only a life estate in the Woodland Road property which was held by the entireties. His testamentary language is based upon his mistaken belief that he was the sole owner. As stated in Pomeroy's Equity Jurisprudence, vol. 2, sec. 475:

"The doctrine of election is not applicable to cases where the testator, erroneously thinking certain property is his own, gives it to a donee to whom in fact it

belongs, and also gives him other property which is really the testator's own; for in such cases the testator intends that the devisee shall have *both*, though he is mistaken as to his own title to one."

The validity of this exception to the general rule is sustained in Benton v. Alexander, 224 N. C. 800, 156 A. L. R. 814 et seq. (Supreme Court of North Carolina), and in Flynn v. Parker et al., 256 Pa. 186. See also the annotation in 156 A. L. R. 820 et seq. The case at bar comes within the above exception.

The claim of the trustees of the estate of George M. Laughlin, Jr., deceased, for the proceeds of the Woodland Road property is refused. The fund will be distributed under the will of Henrietta Z. S. Laughlin, deceased.

A decree will be entered in accordance with this opinion.