## Schoonover's Estate.

*Decedents' estates—Executors—Compensation—Special contract
—Performance.*

At the audit of an account of the executor of a decedent it appeared that the heirs had made a special contract with the executor, by which he was to receive seven and one-half per cent. upon the gross assets of the estate as his compensation, and that he was to receive a certain sum on account at the end of the first year, which was paid. Three accounts had been filed by the executor, the first and second of which were confirmed without objection. Upon the audit of the third account, it was claimed that the executor had charged a duplicate commission on a sum paid out as indebtedness, for which an insurance bond of a certain amount had been deposited as collateral, a commission being taken upon the sum of the two amounts. It was also contended that the executor was not entitled to so high a commission for the services which he had performed. The executor contended that the commissions awarded to him by the first and second accounts could not be inquired into. *Held* (1) the payment of commission on account at the audit of the first and second accounts did not preclude an examination of that question; (2) the charge for commissions upon the items above mentioned was not a duplicate commission, but a charge upon the gross assets in accordance with the contract; (3) no sufficient reason had been shown why the heirs should not be required to perform the agreement they had made, irrespective of the real value of the executor's services.

Argued April 20, 1915.    Appeal, No. 220, January T., 1914, by Francis French, from decree of O. C. Clearfield Co., dismissing exceptions to report of auditor in Estate of O. L. Schoonover, deceased.    Before Brown, C. J., Potter, Stewart, Moschzisker and Frazer, JJ.    Affirmed.

Exceptions to report of Frank G. Harris, Auditor. Before Copeland, P. J., specially presiding.

The opinion of the Supreme Court states the facts.

The court refused to surcharge the executor for commission claimed by him.    Francis French appealed.

*Error assigned* was the decree of the court.

*A. L. Cole,* of *Cole & Hartswick,* for appellant.

*A. H. Woodward,* for appellee.

OPINION BY MR. JUSTICE POTTER, July 3, 1915:

Orrin L. Schoonover, of Clearfield County, Pennsylvania, died testate on September 4, 1906, and in his will, after making certain special bequests, and leaving the residue of his property to his "legal heirs," he appointed W. C. Stephens as his executor. The "legal heirs" at his death were two brothers, a sister, a nephew and niece. The estate was large, and included varied interests, and its affairs were confused when they came into the hands of the executor. Foreseeing difficulties in the proper administration of the estate Mr. Stephens asked for a special agreement with the parties interested, as to his compensation, and they entered into a written agreement with him by which he was to receive for his services as executor, a commission of seven and one-half per cent. upon the gross assets of the estate, exclusive of necessary expenses. It was agreed that in so far as was consistent with the interests of the estate, distribution to the heirs and distributees should be made quarterly, and that the executor should receive his compensation quarterly. If feasible the estate was to be settled within four years, and the executor was to take $15,000 of commissions at the end of the first year of service. The estate was not settled within the time mentioned, nor was distribution made in strict compliance with the agreement, but no serious objection seems to have been made. The executor has filed three accounts. The first on October 29, 1907, the second on June 25, 1911, and the third on August 7, 1912. The first and second accounts were confirmed by the Orphans' Court without objection on the part of the heirs. To the third account exceptions were filed before the auditor, alleging among other things that

the accountant failed to charge himself with interest; that by improperly including in his account loans of the estate he had increased the basis for calculating his commission; that he had neglected his obligation under the contract and thereby forfeited his right to demand commissions at the rate of seven and one-half per cent. The auditor dismissed all the exceptions but one, and surcharged the accountant with the amount of an alleged duplicate commission charged on $44,453.50, paid out as indebtedness, for which a $55,000 insurance bond had been deposited as collateral. The auditor accepted the view that commission was payable only upon the net amount received by the estate from this transaction. He added other charges, which were admittedly duplicated, which increased the surcharge in all to $5,651.79. He held that the validity of the contract to pay seven and one-half per cent. commission could not be questioned at this late date on the ground set up by the heirs, because of their long acquiescence, and because the accountant had in fact performed his part of the contract. The same questions were raised in the Orphans' Court by exceptions to the report of the auditor. The court held that the first and second partial accounts were res adjudicata and could not be inquired into except by bill of review, and that the question of the duplicate charge for commissions had occurred in the first partial account, and could not now be raised. The court further held that the contract to pay seven and one-half per cent. commission was valid and binding. There is no merit in the suggestion that the commission charges are not open to investigation because the amounts claimed in the first and second accounts were approved, and those accounts were confirmed. The amounts then claimed were not at the fixed rate upon the sums which had at that time passed through accountant's hands, but were only payments upon account of a final sum to be ascertained later. So that the subject is now open for inquiry. The difficulty is however, that no sufficient rea-

son has been shown for noncompliance with the contract deliberately entered into between the executor and the heirs. That an executor or personal representative may agree with the persons interested in the settlement of an estate, for compensation greater or less in amount than that allowed by the statute, can hardly be questioned. In this instance the contract has been executed, and the heirs assented without objection to the executor's management and to his manner of distributing the greater part of the estate under the contract. It was only upon the filing of the last account, and when a comparatively small sum remained for distribution, that objections to the entire contract were filed. Why the heirs should have agreed to the payment of such large commissions upon so large an estate, is not apparent. For all that we can see, the statutory allowance would have been very ample compensation for all the service performed by the executor in the settlement of this estate. It called for the exercise of nothing more than fair and ordinary business ability. But the heirs made their own agreement, and entered into it voluntarily, and no reason has been shown, why they should not be held to the contract which they made. We have scrutinized the account carefully, and it is apparent that the accountant has charged commissions only upon the gross amount of the assets which he actually collected. The agreement specified that his commission was to be based upon gross assets. Were it not for this, there would be much force in the contention that only the difference between the $55,000 bond and the $44,453.50 of indebtedness for which it was pledged should be made the basis for the charge of commission. But that would be taking the net asset in that particular, instead of the gross, for which the stipulation calls. When the debt was paid, the $55,000 came into the estate, and that was the gross amount of that particular insurance asset. If the heirs feel that they have been roundly charged for the services of the executor, they should remember that the fault is

their own, as the charges were in literal compliance with the agreement they made. The evidence shows that the management of the estate has been honest and efficient, and the contract for his compensation gave to the executor the right to the amount of commissions charged in his accounts.

The assignments of error are overruled, the decree of the Orphans' Court is affirmed, and this appeal is dismissed at the cost of appellant.