# Fisher's Estate.

*Executors and administrators—Commissions—Agreement as to commissions—Discretion of court.*

Where at the audit of an account of an executor, the remaindermen interested in the estate agree as to the amount of the executor's commissions, but the life tenant does not appear and is not represented, although with notice of the account and the audit, and the auditing judge on inspection of the account discovers that the accountant is really charging a double commission on a portion of the fund, and he files an adjudication, but directs that it shall not be confirmed until all parties in interest are notified of the duplication of the commissions, and thereafter certain of the parties by correspondence among counsel and with the judge, repudiate the agreement, and object to the commissions, and upon a reaudit the accountant is surcharged with the amount of the

duplication, and exceptions to the adjudication are dismissed by the court in banc, the appellate court will not review the discretion of the Orphans' Court in the matter.

Argued Oct. 16, 1916.  Appeal, No. 127, Oct. T., 1916, by Maurice J. Hoover, from decree of O. C. Philadelphia Co., July T., 1914, No. 124, dismissing exceptions to adjudication in Estate of John M. Fisher, deceased.  Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ.  Affirmed.

Exceptions to adjudication.
The opinion of the Superior Court states the case.

*Error assigned* was in dismissing exceptions to adjudication.

*William H. Lamb,* with him *William H. R. Lukens,* for appellant.—Accountants have been very strictly held to such agreements even though the other parties violated them: Koch's Est., 148 Pa. 159; Robb's App., 41 Pa. 45; Nathan's Est., 6 D. R. 481; Bowker's Est., 5 W. N. C. 493.

The agreement in this case was undoubtedly binding on all the parties who signed as it has so been decided by the Supreme Court in 1878, and we have been unable to find a case overruling the doctrine: Frew's App., 26 Pitts. L. J. 37; Lee's Est., 18 Pa. Superior Ct. 513; Schoonover's Est., 250 Pa. 353.

It is conceded by authorities too numerous to mention that five per cent. is a usual allowance as commission on personal estate, and only where the estate is very large it has been reduced, but this is not a large estate, $66,000. Five per cent. has been allowed in the following: Barhite's App., 126 Pa. 404, estate, $90,000;  Gilpin's Est., 138 Pa. 143, estate, $92,000;  Eshelman's App., 74 Pa. 42, estate, $75,000;  Davis' App., 100 Pa. 201, estate, $28,-000;  Robb's App., 41 Pa. 45, estate, $32,000;  Wedekind

Est., 1 W. N. C. 418, estate, $120,000; Freeman's Est., 2 W. N. C. 264, estate, $106,000; O'Donnell Est., 5 W. N. C. 534, estate, $274,500; Wetherill's Est., 8 W. N. C. 238, estate, $200,000; Stewart's App., 110 Pa. 410, estate, $74,000; Harbster's App., 125 Pa. 1, estate, $135,000; Roger's Est., 17 W. N. C. 29, estate, $70,000.

*Daniel A. Stewart,* for appellee.—Entirely too much consideration is given by the appellant to the agreement. It is sufficient answer to say that the agreement was not signed by all the parties in interest: Barhite's App., 126 Pa. 404; Lennig's Est., 53 Pa. Superior Ct. 596; Stitzel's Est., 221 Pa. 227; Franklin's App., 163 Pa. 1.

The allowance of commissions is always a matter for the consideration of the auditing judge, and his finding is conclusive unless manifest error appears: Scattergood's Est., 2 Philadelphia 158; Tassey's Est., 41 Pa. 45.

OPINION BY HEAD, J., December 18, 1916:

John M. Fisher died in 1914 testate. Letters testamentary duly issued to one of his nominees as executor, the present appellant. The settlement of the estate involved somewhat unusual labor and effort on the part of the executor who appears to have discharged the duties imposed upon him to the reasonable satisfaction of the parties in interest. The account which he filed came on regularly for adjudication May 8, 1915, and of this all parties had notice.

By his will the testator gave to his surviving sister Wilhelmina Fisher, "the net income of his whole estate" —during her life as we understand from the briefs of counsel—"and made further disposition of his estate upon her decease." The life tenant named did not appear, in person or by counsel, at either of the two adjudications to be referred to.

In a letter dated May 4, 1915, written by the attorney of the Guaranty Trust Co., a trustee for some of the legatees under the will, to counsel for the accountant,

notice was given of the intention of the trustee to except to certain items on the credit side of the account. It is fair to presume that as a result of the notice, counsel for all parties in interest, except the life tenant, met and agreed in writing "to the first account of Hoover, executor, after the following corrections are made." Then follows a list of items for surcharge—including a reduction of over six hundred dollars in commissions claimed —aggregating about nine hundred dollars. This was the situation that confronted the auditing judge.

Realizing that the life tenant, the first object of the testator's bounty, was not represented in the agreement or before the judge, he examined the account with care. He discovered that, owing to the manner in which the personal estate of the testator had been used, and properly used, to clear up his real estate, the executor was in fact claiming a double commission on a very considerable part of the estate. He so finds. What followed may be best stated in his own language. "In view, however, of the fact that the residuary legatees have agreed to the account, with certain trifling modifications, the auditing judge refrains from surcharging, but directs that a copy of this adjudication be given to such of the parties in interest as may be affected by this duplication of commissions, and directs that confirmation be suspended until ten days after evidence of service."

There is nothing in Stitzell's Est., 221 Pa. 227; Schoonover's Est., 250 Pa. 353, or any other case of which we have knowledge to warrant us holding the action of the learned auditing judge to have been aught else than a proper and careful discharge of his important duties.

Notice of the adjudication having been duly served, further correspondence between counsel concerned followed. On July 8, 1915, three of the counsel who had signed the agreement already referred to joined in a letter to the attorney for the accountant stating: "William H. R. Lukens, Esq., 905 Real Estate Trust Bldg., Phila-

delphia., Dear Sir :—The undersigned have carefully
considered the claim of Mr. Hoover, for compensation,
made in the estate of John M. Fisher, deceased. We all
agree that he should be allowed an amount sufficient to
compensate him for his efforts made in the settlement
of the cemetery matter, but think the amount he claims
is excessive. We have thought $750.00 would be appro-
priate, and have communicated that notion to Judge
LAMORELLE. If you agree to this it would be well to
advise the auditing judge before next Tuesday, July 13,
1915, as we understand the court is anxious to dispose
of it on that day." Copies of this letter and those that
followed were all forwarded to the auditing judge. They
left no doubt in the minds of any one that, by reason of
what had been made known in the first adjudication, the
parties in interest had revoked their agreement to per-
mit the account to be confirmed without objection, and
that thereafter the right of the accountant to the amount
of commissions claimed would be contested.

Doubtless it would have been wiser to have required
counsel to formally reduce their objections to writing
and file them in the usual way. But the law deals with
the substance of things rather than with their names,
and, as the record is now presented to us, it is in vain
for the appellant to assert there was nothing before the
court to gainsay the effect of an agreement entered into
apparently without complete knowledge of the facts.

Under such circumstances there is no warrant for
criticism of the action of the court below on the theory
that, as the case there appeared, all parties in interest
had agreed the account as filed, with the surcharge stipu-
lated for, should be confirmed and that the hand of the
auditing judge and the court below was thereby stayed
from other action save to effectuate that agreement.
Stitzel's Estate, supra, is itself authority for the con-
trary view. In Huddy's Est., 236 Pa. 276, the court,
speaking by Mr. Justice MOSCHZISKER said: "Even
though there was no exception raising the exact point,

the court below was within its rights in correcting what it conceived to be a fundamental error in the distribution, and Stitzel's Est., 221 Pa. 227, rules nothing to the contrary." A fortiori in this case where the alleged binding agreement was not signed by the legatees first in interest, and where it was clearly made to appear there were exceptions, in fact if not in form, to the allowance of the commissions which is the subject-matter of this appeal.

The auditing judge and the Orphans' Court having properly before them the question of the amount of commission or compensation properly due to the accountant for services rendered in the settlement of the estate, we find no ground for interference with their disposition of it.

Decree affirmed.