## Berlin's Estate.

*Wills—Provisions against contest—Forfeiture of legacy.*

A provision in a will declaring the forfeiture of a legacy in case the legatee, a child of the testator, shall present a claim against his estate, is valid and does not violate any rule of law or public policy. Such a condition is lawful and one which the testator had a right to annex, in the disposition of his own property. The legatee is not bound to accept the bequest, but if accepted, it must be subject to the disability annexed. It must be taken cum onore, or not at all.

Argued April 23, 1920. Appeal, No. 43, April T., 1920, by Israel E. Berlin, from decree of O. C. Westmoreland County, Nov. T., 1918, No. 67, dismissing exceptions to adjudication in the Estate of William Henry Berlin, deceased. Before PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Affirmed.

Exceptions to adjudication. Before COPELAND, P. J.

The opinion of the Superior Court states the case.
The court dismissed the exceptions.

*Error assigned* was the decree of the court.

*C. A. Bell,* of *Bell & Bell,* and with him *Smith &
Smith,* for appellant, cited: Dale v. Dale, 241 Pa. 234;
Vandervort's Est., 17 N. Y. Supplement 316; Chew's
App., 45 Pa. 228; Friend's Est., 209 Pa. 442; Thum's
Est., 5 D. R. 739; Wesco's App., 52 Pa. 195; Horner v.
McGaughey, 62 Pa. 189; Byrne v. Byrne, 3 S. & R. 53.

*John E. Kunkle,* for appellee, cited: Rogers v. Law, 1
Black (U. S.) 253, 17 L. ed. 58; Rockwell v. Swift, 59
Conn. 289; Farnham v. Barker, 148 Mass. 204, 19 N. E.
371; In re Morey's Est., 1 N. Y. 687.

OPINION BY HEAD, J., July 14, 1920:

The will of the testator was formally executed in the
manner prescribed by the statute. There was no ques-
tion but that he was possessed of testamentary capacity.
If therefore the paper he executed clearly disclosed an
intention not violative of any rule of law or public
policy, that intention must control the disposition of his
property. Upon this foundation we have builded our
entire system of jurisprudence regulating the distribu-
tion of estates of those who die testate.

The will itself is brief. It contains but two para-
graphs in addition to the one naming his executors.
Each one of them is pregnant with meaning and both
together, as they must be read, clearly designate and
describe the class of persons among whom his entire
estate was to be divided. The very language chosen by
the testator furnishes the most conclusive of arguments
that we have, before us, no case requiring the application
of any of those canons of construction, long since adopt-
ed by the courts as aids in ascertaining the legal intent

of a testator, who expresses that intent in language, the meaning of which is doubtful or obscure.

"First: Because some of my children may claim that I am indebted to them for money loaned or services rendered, I hereby repudiate any indebtedness to any of my children and declare that any indebtedness that may have existed, whether evidenced by writing or not, has been paid in full and more than offset by money and work given in exchange, and it is my will that no child who presents a claim against my estate not evidenced by a writing dated after the date of this my will shall receive any share out of my estate."

We are not here dealing with any creditor. It would seem unnecessary therefore to waste any time in considering the proposition that a testator could not by such an ex parte declaration extinguish a lawful debt of which due proof could be made in the courts of the Commonwealth. The appellant claims to be a participant in the gift of the testator as one of the class to whom he bequeathed his entire estate. We therefore turn to the second paragraph of the will.

"Second: Except as hereinbefore provided I direct that my entire estate......be divided among my nine children who are, &c. (naming them)."

The appellant is one of the nine children of the testator mentioned by name in this second paragraph. When the time for distribution came he appeared as a creditor of the estate and presented a claim against it evidenced by a note dated earlier than the date of his father's will. No successful defense could be made by the executors and the claim was allowed and the status of the claimant as a creditor was duly established. Notwithstanding these facts and the language of the will we have quoted, the appellant next presents himself as a legatee under his father's will and demands the equal one-ninth part of the residuary estate just as if the first paragraph of the will had never been written or was to be regarded as mere surplusage.

We are of opinion the learned court below was correct in the conclusion that, under the facts, the appellant was not in the class to which the testator bequeathed his estate. It will not do to assume as a major premise of the argument that there was a clear bequest by the testator to each and every one of the nine children named; that therefore the appellant acquired a vested interest in a share of the estate which could only be lost by a forfeiture because of the breach of some condition subsequent. This, as we think, begs the entire question. It practically casts into the discard the whole of the first paragraph of the will and the extremely significant clause with which the second paragraph opens, to wit: "Except as hereinbefore provided." The bequest then was not to all of his children but to such of them, and such of them only, as were not excepted from the bequest by the operation of the first paragraph of the will. We think the case at bar much stronger in support of the conclusion reached by the learned court below than was either of the cases, Campbell v. McDonald, 10 Watts 179, or Adams v. Johnson, 227 Pa. 454, because the claim of the appellant here must fail for the reason that, under the terms of the will, he can show no title in himself to the legacy he claims. He has by his own act placed himself outside of the class, the members of which were the objects of the testator's bounty.

Can it be urged that the purpose and intent of the testator, so plainly disclosed by the simplest reading of the will, violate any rule of law or public policy? The answer must be in the negative. In Campbell v. McDonald, supra, it was said of the condition there annexed to a proposed legacy, "There is nothing here in the nature of the condition, annexed to the gift by the testator, that is objectionable on the score of policy, or as being unfavorable to the interest and welfare of society, as in cases of conditions imposing restraints upon marriage ......And although no rational motive can be discovered for the will of the testator, yet if his intention

be expressed in clear and unambiguous terms, it must stand and be regarded as his will. Stat pro ratione voluntas. The condition, though arbitrarily imposed upon the legatee, yet must be strictly complied with, otherwise he cannot claim the legacy." No such strong attitude in support of the right of a citizen of this Commonwealth to dispose of his property as he wills to do need be summoned to buttress the conclusion we have reached. Presumably a father knows his own children. His dealings with them are not always at arm's length and characterized by the prudence and caution that would attend his dealings with strangers. Manifestly this testator recognized that at some time he had been indebted to some of his children. Clearly enough he indicated his belief that he had discharged all of that indebtedness even if he had not taken the precaution to have destroyed the evidence that indicated its existence. There is no law and there is no rule of public policy which prevented the execution of his avowed intent that no child of his, who presented a claim against his estate antedating the execution of his will, should be one of the class generally designated as his children, among whom he desired his property to be divided. We rather incline to the doctrine expressed by Mr. Justice Nelson in considering a condition not unlike the present one in effect in the case of Rodgers v. Law, 1 Black (U. S.) 253. "An objection was taken on the argument to the legal effect and operation of the condition but we entertain no doubt as to its force and validity. The condition is lawful and one which the testator had a right to annex in the disposition of his own property. The legatees are not bound to accept the bequest, but if accepted, it must be subject to the disabilities annexed. It must be taken cum onere or not at all."

These conditions sufficiently indicate why we do not regard as of convincing force, when applied to the will before us, the reasoning of the court in Vandervort's

Estate, 17 N. Y. Supp. 316. We therefore reach the conclusion that the decree of the orphans' court was correct and not to be disturbed.

Decree affirmed.