## Hickman's Estate.

Argued February 3, 1932. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY and DREW, JJ.

*H. Horace Hepburn, Jr.,* with him *Harold R. Mc-Cowan* and *George F. C. Franks,* for appellant.—There is no doubt a man, under the law of Pennsylvania, can make a will not involving charities, alter it as he pleases

after the making of it, keep it as his own and it is still his own as long as it is signed at the end thereof. But when it comes to the question of charities, the cases that are relevant as regards gifts to individuals are not relevant as regards charities and therefore a person who inserts in the paper already written a bequest to charities after the will has been witnessed, has accomplished nothing if the facts can be proven.

On the question of estoppel by reason of taking the legacy, while this point again was not passed upon in the court below, except to dismiss the exceptions, see Reimensnyder v. Gans, 110 Pa. 17.

Where the instrument contains a codicil such as this, the act of assembly is specific and clear and it says "no real estate shall be bequeathed or devised to any body politic except the same be attested by two credible and at the time disinterested witnesses."

. Therefore, it is argued to the court that the burden of proof must be on the charity primarily to prove that the bequest was made and the devise devised and attested by "two credible witnesses:" Gregg's Est., 213 Pa. 260; Arnold's Est., 249 Pa. 357; Amberson's Est., 204 Pa. 397; Hepfeld's Est., 3 Phila. 219.

Where a codicil was made within thirty days of testator's death revoking specific legacies in a will so as to increase the amount of the residuary estate which was devised to charities, the codicil, in so far as it increased the amount to charities who took the residuary estate, was void: Lightner's App., 57 Pa. Superior Ct. 469.

Unattested alterations in a will, though proved to have been made by the testator, in the absence of any evidence showing when they were made, will be presumed to have been made after execution, and consequently, unless properly attested, will not operate as a partial revocation of the will: Teed's Est., 225 Pa. 633.

*Walter S. Talbot,* with him *J. Carroll Hayes,* for appellee.—Where a person accepts a legacy bequeathed, it

is an election to stand by the provisions of the will: Fulton v. Moore, 25 Pa. 468; Van Dyke's App., 60 Pa. 481; Cumming's Est., 153 Pa. 397; Berlin's Est., 74 Pa. Superior Ct. 455.

The probate is a proceeding in rem as well as in personam. All persons interested must be regarded as parties or privies, and are concluded by the decree: Cochran v. Young, 104 Pa. 333; Bunce v. Galbrath, 268 Pa. 389, 393; Baum's Est., 260 Pa. 34; Stout v. Young, 217 Pa. 427.

The present case is squarely ruled by Linnard's App., 93 Pa. 313.

Every lawful change in a will necessarily produces a change in the residue, in amount, but not in validity.

The presumption is that the alterations were made at or before the time when the will was prepared for the final act: Linnard's App., 93 Pa. 313; Gongaware v. Donehoo, 255 Pa. 502, 510; Morrow's Est., 204 Pa. 479; Forker's Est., 27 Pa. Dist. R. 238; Amberson's Est., 204 Pa. 397; Folmar's App., 68 Pa. 482; Barker v. McFerran, 26 Pa. 211.

It has never been questioned in Pennsylvania that a codicil republishes and confirms a preceding will, making it speak of the date of the codicil, and this is true whether it refers specifically to any clauses in the will sought to be confirmed: Williams v. Williams, 83 Pa. Superior Ct. 90; Wilhelm's Est., 49 Pa. Superior Ct. 213; Morris's Account, 298 Pa. 540, 543; Kerr's Est., 255 Pa. 399, 401; DeHaven's Est. (No. 2), 207 Pa. 152.

Lizzie Parker died before the testator and, therefore, her legacy lapsed and fell, in a normal way, into the residue. Her legacy was annulled by her death and not by any act of the testator.

The erasure of her name, after her death, had no effect on the will or on the residue: Dixon's App., 55 Pa. 424; White's Est., 262 Pa. 356; Saunders v. Sammarreg, 205 Pa. 632.

Opinion by Mr. Justice Kephart, March 24, 1932:

The will of Nathaniel G. Hickman with codicil attached was duly probated and no appeal taken therefrom, but, after various legacies had been paid, appellant, who is next of kin and a legatee, unsuccessfully endeavored to strike down the residuary bequest in the distribution of the balance of the estate. His contention was that there were a number of alterations and interlineations made by the testator after the execution of the will and codicil and that since they increased the amount of the residuary estate passing to charity that the bequest was void because the will as altered was not executed in conformity with the statute relating to bequests to charities. Section 6 of the Wills Act of 1917, P. L. 406, reads, "No estate, real or personal, shall be bequeathed or devised to......charitable uses, except the same be done by will attested by two credible, and, at the time, disinterested witnesses."

The testator made provisions in his will for many legacies, including one to Rule, appellant, of $5,000, afterwards reduced to $3,000, and another of $50,000 for a memorial home to the Hicksite Friends in West Chester; the residue of his estate, over one million dollars, was to be placed in trust for the maintenance of this home. The codicil of 1923 authorized the executors to expend as much more of the estate as they deemed necessary to carry out the testator's purpose in the erection of the memorial home.

The will also contained this clause, "Should any one express dissatisfaction with the provisions of this will, he or she shall forfeit his or her interest." A testator may impose a condition of forfeiture of an interest in an estate if the beneficiary contests the will by which it is given, unless the condition is against public policy or the law. The above provision is valid: City of Phila. v. Davis, 1 Whart. 490, 510; Berlin's Est., 74 Pa. Superior Ct. 455. Dissatisfaction is legally expressed when

a beneficiary contests or objects in a legal proceeding to the enforcement of any provision of the will.

Appellant, six months after probate, with full knowledge of the will's contents and appearance, accepted and received the full amount of his legacy, executed a release "in full satisfaction and payment of all sum or sums of money, legacies and bequests given and bequeathed to us and each of us by the said Nathaniel G. Hickman in his last will and testament......and of and from all actions, suits, payments, accounts, reckonings, claims and demands whatsoever, for or by reason thereof," and has not since made any effort or offer to return his legacy.

Without considering the possible effect of this release, it is well settled that where a beneficiary accepts a legacy it is an election to stand by the provisions of the will: Fulton v. Moore, 25 Pa. 468. As has been stated in Tompkins v. Merriman, 155 Pa. 440, 446: "The doctrine that one who accepts a benefit under a will is estopped from asserting a claim repugnant to its provisions is founded upon equitable considerations, and has been recognized and applied in this State in many cases, beginning with Stump v. Findlay, 2 Rawle 168, and extending to Zimmerman v. Labo, 151 Pa. 345, and Cumming's App., 153 Pa. 397." See also note 72 A. L. R. 1134. Such legatee may contest a will only after returning his legacy (which he has not here done), and thus relieving himself from the operation of the general rule of law: Miller's Est., 159 Pa. 562; Miller's Est., 166 Pa. 97.

When a will has been admitted to probate, its validity has been judicially decided, and it can be set aside only by an appeal, being unimpeachable in any other proceeding: Sebik's Est., 300 Pa. 45; Kern's Est., 212 Pa. 57; Shoenberger's Est., 139 Pa. 132, and Holliday v. Ward, 19 Pa. 485. But probate is not conclusive as to extraneous matters or matters dehors the record, (Baum's Est., 260 Pa. 34, and Stout v. Young, 217 Pa.

427) ; nor is it conclusive as to matters not involved in, nor properly determinable upon, probate. The validity of a charitable bequest falls within this class, and is a matter properly determinable upon the distribution of the estate. This was decided in Carson's Est., 241 Pa. 117, where it was held that probate was not the proper time for an attack on a gift to charity, the court there saying: "though a religious or charitable bequest or devise forming part of a will may be void by reason of the failure of the testator to execute it in the manner required by the statute, the whole will must be admitted to probate upon proof of its execution, leaving all questions concerning the validity of the religious or charitable bequest to be determined on distribution of the estate." In Slater's Est., 263 Pa. 88, it is stated "our authorities are all in accord that the proper time for the determination of the question whether the testamentary charitable bequest is void is when the question of distribution of the estate arises." See Gageby's Est., 293 Pa. 109. In Linnard's App., 93 Pa. 313, we said, "The probate of the will as we now find it, was an adjudication of its due execution, including, by necessary implication, the republication of the instrument after the alteration in question was made. This established, prima facie at least, the validity of the legacy; and certainly, in the absence of proof that the alteration was made after the last codicil, the legacy should have been admitted." But the question now before us, the validity of a residuary bequest to charity, was not there involved, all the gifts in that case being to individuals. It may be that in Pennsylvania a will not involving charities may be altered as the testator wishes without disturbing its validity, provided it remain a will under the statute, but when it comes to charitable bequests the law must be fully observed, any alteration in the will which grants or enlarges a preëxisting grant in the same will to a charity must be validated as the statute directs: Lightner's App., 57 Pa. Superior Ct. 469.

However, where the alteration or alterations in the will are made prior to the execution of the codicil, the will as altered is by the codicil republished and validated: (DeHaven's Est., 207 Pa. 152; Morris's Account, 298 Pa. 540; Kerr's Est., 255 Pa. 399); and the will speaks from the date of the codicil. The presumption is that any alteration, interlineation, or change was made prior to the execution of the codicil or the final act necessary to make such will effective. See Linnard's App., supra; Morrow's Est., 204 Pa. 479; Gongaware v. Donehoo, 255 Pa. 510. This is but a presumption of fact, and it will give way when evidence to the contrary appears. Appellant endeavored to show that the alterations were in fact made after the codicil. We agree with the court below that he was successful as to only one alteration which we will now discuss.

What was the effect of the one change shown to have been made after the execution of the codicil? Originally the will contained a bequest to one Lizzie Parker, a housekeeper. She predeceased the testator and her legacy therefore lapsed, falling into the residue of the estate. When testator subsequently erased Lizzie Parker's name and inserted another, it was not an obliteration but a substitution, and could have no legal effect on the due execution of the will as it related to the charitable bequest in question; the only one who could complain of that act would have been the charity, the residuary legatee. When the Lizzie Parker legacy was annulled it was by death and not by any act of the testator; when he later substituted the name of his then housekeeper for that of Lizzie Parker he took from rather than added to the residuary estate which was to go to charity, and the validity of the charitable bequest could not in any way be disturbed by this circumstance. It was complete in law, both before and after the alteration, and did not need further validation under the statute relating to charitable bequests.

Decree affirmed at cost of appellant.