## Mitchell's Estate

Before Gest, Henderson, Van Dusen, Stearne and Sinkler, JJ.

*Shippen Lewis* and *John S. Sinclair*, for petitioner.

*Joseph J. Brown* and *John Arthur Brown*, contra.

STEARNE, J., December 29, 1933.—The petition and answer raise the question of the legal effect of an in terrorem clause in a will upon the estates of certain minors and their issue, should the guardian ad litem and trustee for unborn

issue seek a surcharge before the auditing judge who is auditing the account of the executors. The clause in question reads as follows:

"I have endeavored hereby to dispose of my estate justly with due consideration of the needs and rights of all persons, and all benefits hereof are given upon the express condition that if any beneficiary shall not acquiesce in all the provisions hereof, or shall, directly or indirectly or by procuring, aiding or abetting any other person, contest, dispute or question the validity of this will, or any provision hereof, or otherwise interfere with the probate hereof, or after probate shall interfere, whether by private act or court proceeding, with my executors or trustee in the settlement of my estate, or shall make or institute any claim or demand upon my estate otherwise than as herein provided, then any and all bequests, devises or other benefits given hereby to such beneficiary shall be void and are hereby revoked, and shall become part of my residuary estate, and are hereby given, devised and bequeathed according to the provisions of the residuary clause hereof, unless such person shall be a residuary legatee or devisee, in which event the residuary legacy or devise is hereby revoked as to him or her only, and is hereby given, devised and bequeathed to the other residuary legatees or devisees."

The record discloses that one of the executors was appointed as guardian for said minors by this court prior to the death of the present decedent and is still acting and qualified as such guardian. The trustees are, in law, the legal representatives of the interests of any unborn children of such minors, or of all unascertained interests. There exists an obvious conflict in interest. The auditing judge very wisely appointed a guardian ad litem for the minors and a trustee ad litem for their unborn children. Such authority may be found under the Fiduciaries Act of June 7, 1917, P. L. 447, sec. 59 (k), as amended by the Act of May 6, 1931, P. L. 98: See also Crawford's Estate, 293 Pa. 570, 577.

When such guardian and trustee, so appointed by this court, commenced to function and questioned certain items of administration, the executors protested and directed his attention to the in terrorem clause above quoted. They maintain that any such inquiry into their administration of the estate constitutes "an interference" with the settlement of the estate, as well as the making and instituting of a "claim or demand" upon the estate otherwise than is provided for in the will. The executors threaten, if such inquiry is insisted upon, to demand that the minors' interests and those of their unborn children be declared forfeited. To emphasize their position, the executors forthwith withheld all income due said minors, and still continue to withhold same, under claim of protection should such forfeiture be decreed. The ad litem guardian and trustee, an appointee of the court, is consequently placed in an uncomfortable official position. Should he proceed according to law and attack the executors' administration, however meritorious or successful his efforts may prove, he may thereby invoke the forfeiture of his wards' estates. Meanwhile their income is being withheld. In this predicament, the ad litem guardian and trustee appeals to this court for direction and protection.

We are of the opinion that the prayer of the petition should be granted, and that it be decreed that the act of the ad litem guardian and trustee in reviewing the administration of the executors and seeking surcharges when and if deemed appropriate, will not forfeit the interests of the cestuis que trustent. We direct said fiduciary to so proceed, for which this shall be his sufficient authority.

The insertion of the in terrorem clause in the will reflects testator's apprehension that some individual might contest the probate of the will, or make some claim which might frustrate his testamentary provisions. As we read

this will from its four corners, we can discover no evidence of an intent to permit the settlement and distribution of this estate to rest solely and exclusively in the hands of the testator's executors and trustee, without accountability to any of the interested parties or the supervision of the orphans' court. It is one thing to attempt to circumvent testamentary provisions, and quite another to seek to enforce their legal execution. If excessive counsel fees, commissions, or other charges are sought, or if the executors have unlawfully incurred losses in selling or retaining securities, or (merely for argument) suppose the executors were guilty of an actual devastavit, the parties in interest must necessarily be afforded the opportunity of seeking relief. Such effort is not against testamentary directions, but in furtherance thereof. Upon the probate of a will and the qualification of the executor, the assets of the estate are in gremio legis. The administration of the estate has always been held to be open to the fullest scrutiny of the interested parties and of the orphans' court. It would require extraordinarily strong and unequivocal language (which does not exist here) to prohibit and preclude an orderly judicial examination and adjudication of the executors' administration of the estate. We are of the opinion, and so decide, that in the circumstances of this case there is no express or implied direction of forfeiture where the ad litem guardian and trustee proceeds with his obvious duty.

It must be borne in mind that the present application is in aid of testator's testamentary direction. It is not a mere vexatious act of a disappointed grandchild or next of kin to thwart the will of the testator. Consequently cases cited by respondent such as Friend's Estate, 209 Pa. 442, Hickman's Estate, 308 Pa. 230, and Berlin's Estate, 74 Pa. Superior Ct. 455, have no application. The first two of these cases were will contests where the testamentary provisions were sought to be stricken down. The latter case related to a conditional legacy, where such legacy was forfeited when the legatee presented a claim against the estate contrary to the express conditions of the will. Many other cases could be added. Rhodes v. The Muswell Hill Land Co., 29 Beav. 560, is in point. There the condition was that there should be a forfeiture if any devisee "commenced any proceeding in law or in equity" concerning the estate. A suit was commenced for specific performance, but in aid of the estate. A forfeiture was claimed. The Master of the Rolls wrote: "The testator says, I give you the property, but if you resort to any proceedings whatever respecting it, even to secure its enjoyment, I give it to someone else; the thing is absurd." A forfeiture clause is strictly construed. When enforced, it will always be in aid of expressed testamentary intention and not contrary thereto. In the present case, there is no language which even suggests that the beneficiaries must take only what the executors choose to give them and not what the testator intended them to have.

We have considered the possibility and advisability of appointing an amicus curiae to perform the duty of pressing any objections to the account and thus relieving the ad litem guardian and trustee from all responsibility should a forfeiture be decreed. Upon careful consideration, we have reached the conclusion that an amicus curiæ may not become a prosecutor to press objections dictated by the court: Stitzel's Estate, 221 Pa. 227, 230 et seq. It is cited with approval in In re Kenny, 269 Fed. 54, and Fisher's Estate, 65 Pa. Superior Ct. 297.

The prayer of the petition is granted. Counsel will submit an appropriate decree.