629 A.2d 1040

ESTATE OF Sam R. KELLER, Deceased.

Appeal of Philip PETRULLI.

Superior Court of Pennsylvania.

Argued April 28, 1993.

Filed Aug. 25, 1993.

618

Joseph D. Talarico, Pittsburgh, for appellant.

W. Arch Irvin, Jr., Pittsburgh, for appellee.

Before ROWLEY, President Judge, and TAMILIA and BROSKY, JJ.

ROWLEY, President Judge.

At issue in this appeal is a challenge to the last will and testament of Sam R. Keller, which was admitted to probate on April 1, 1991. Paragraph 7 of the will provides for a specific bequest of $20,000.00 to appellant Philip Petrulli. Paragraph 13 of the will provides that a beneficiary who challenges the will shall forfeit his bequest. Nevertheless, after receiving the sum of $20,000.00 from the decedent's estate, appellant filed a petition for citation in which he challenged the testamentary capacity of the decedent and alleged that the decedent had breached an oral agreement to devise one-third of his estate to appellant in return for services to be performed.

In response, the trial court issued a citation to the executrix to show cause why the "Decree of Probate" should not be set aside and the issue of the decedent's testamentary capacity be submitted to a jury. Following argument, the trial court entered the following order:

AND NOW, to-wit, this 31st day of August, 1992, it appearing to the Court that the Petition to Dismiss Citation Sur Appeal From Probate and for Order to Refund Legacy is controlled by *In Re: Hickman's Estate*, 308 Pa. 230, 162 A. 168 (1932) and *Miller's Estate*, 166 Pa. 97, 31 A. 58 (1895), it is hereby ADJUDGED, ORDERED and DECREED that:

1. Philip J. Petrulli shall refund to the Estate of Sam R. Keller the sum of Twenty Thousand ($20,000) Dollars; or in the alternative, he may place that same amount into an escrow account where it shall be held jointly by Attorneys

Joseph D. Talarico [counsel for appellant] and W. Arch Irvin, Jr. [counsel for the Keller estate] and may not be withdrawn until further order of court.

2. In the event that funds are not returned within thirty (30) days under the terms set forth in paragraph 1., Philip J. Petrulli's request in count 4 of his Petition that the court set aside the Last Will and Testament of Sam R. Keller based upon testimentary [sic] capacity shall be stricken.

 In this timely appeal from the order of August 31, 1992, appellant raises a single issue: Did the trial court err in ordering him to forfeit his specific legacy in order to pursue his claim of lack of testamentary capacity? [1] We conclude that appellant misperceives the effect and, consequently, the finality of the trial court's order. In the trial court's own words, "the court's order of August 31, 1992 ... set[s] forth specific provisions for disposition of a direct bequest *during the pendency period of the litigation*" (Trial Court Opinion at 1; emphasis added). The order gives appellant not one, but two choices: 1) to return the legacy of $20,000.00 to the estate, or 2) to place that sum in an escrow account, to be held jointly by his counsel and counsel for the estate. Although the trial court states in its opinion of November 20, 1992, that "the principle enunciated in *Hickman*—'a legatee may contest a will only after returning his legacy'—is here controlling" (Trial Court Opinion at 3), the court goes on to say that appellant "must return $20,000 to the estate (*or, in the alternative, place it in an escrow account* ), or admit the validity of Keller's Will. *Miller's Estate,* 159 Pa. [575] at 574 [28 A. 443]" (Trial Court Opinion at 4; emphasis added).

 We note, as did this Court in *In re Estate of Simpson,* 407 Pa.Super. 1, 595 A.2d 94 (1991), *alloc. denied,* 529 Pa. 622, 600 A.2d 538 (1991), that the existence of a forfeiture clause does not, without more, require that the penalty of forfeiture

---

1. The trial court addressed the merit of appellant's claim in the interest of judicial economy, but noted that appellant had in fact waived the claim by failing to file exceptions to the order of August 31, 1992. Given our disposition, we are not required to decide whether appellant has preserved the claim for our review.

be imposed against a legatee who challenges the will. Rather, the relevant question is whether the challenger had "probablis causa litigandi" (i.e., probable cause of litigation), a question to be answered by the court distributing the estate. *Id.* at 11, 595 A.2d at 99. "If it is not clear, or if it is doubtful whether there was probable cause, the will of the testator should be regarded as supreme, and his direction to forfeit carried out." *Id.* [quoting *In re Friend's Estate,* 209 Pa. 442, 448, 58 A. 853, 855–56 (1904) ]. As we read the order of August 31, 1992, the trial court *has not yet directed appellant to forfeit* his legacy.

Moreover, with regard to appellant's quantum meruit claim, the court makes the following observation:

> [W]e consider the issue of Petrulli's entitlement to recover for services rendered to Keller appropriate for the court's consideration. But since Petrulli *could,* if unsuccessful in his quantum meruit petition, *be forced under the forfeiture clause of Keller's Will to surrender his bequest,* the court's order simply guarantees the preservation of the estate's assets while affording Petrulli the opportunity to try his case.

Trial Court Opinion at 4 (emphasis added).

■ Given these statements by the trial court, as well as the wording of the court's order, we are constrained to conclude that the order is not final and appealable, as it does not end the litigation, dispose of the entire case, or effectively put appellant out of court with respect to his entitlement to the $20,000 legacy. *See Motheral v. Burkhart,* 400 Pa.Super. 408, 414, 583 A.2d 1180, 1184 (1990) (*en banc*). Nor do we consider the order in question to be appealable under the collateral order doctrine:

> [T]he Pennsylvania courts have held that an ancillary order is appealable if "(1) it is separable from and collateral to the main cause of action; (2) the right involved is too important to be denied review; and (3) the question presented is such that if review is postponed until final judgment in the case, the claimed right will be irreparably lost."

*Hankin v. Hankin,* 338 Pa.Super. 442, 455, 487 A.2d 1363, 1370 (1985) [quoting *Pugar v. Greco,* 483 Pa. 68, 73, 394 A.2d 542, 545 (1978) ]. Because appellant has been given the option of placing the amount of his legacy in an escrow account pending the conclusion of the litigation, his claimed right to retain the legacy will not be irreparably lost "if review is postponed until final judgment in the case." At a minimum, therefore, the third requirement for an appealable collateral order has not been satisfied.

■ "Because the question of appealability implicates the jurisdiction of [this] Court, a non-waivable matter," *Motheral v. Burkhart,* 400 Pa.Super. at 414, 583 A.2d at 1184, we are permitted, and in fact required, to determine the appealability of the order appealed from. In the present case, we conclude, for the reasons set forth above, that the trial court's order of August 31, 1992, is neither a final order nor an appealable collateral order. We are therefore required to quash this appeal.

Appeal quashed.